UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| ARTHUR D'AMARIO, III, | Case No. 2:25-cv-02001-APG-EJY |
|---|---|
| Plaintiff, | |
| v. | **ORDER** |
| GLOBE PHOTOS, INC.; GLOBE ENTERTAINMENT AND MEDIA CORP., | |
| Defendants. | |

Pending before the Court is Plaintiff's application to proceed *in forma pauperis* ("IFP"), which is complete. ECF No. 1. Also pending is Plaintiff's Complaint (ECF No. 1-1), which fails to establish subject matter jurisdiction over the dispute at issue. For this reason, the Court dismisses Plaintiff's Complaint without prejudice and with leave to amend.

**I.      Screening the Complaint**

Upon granting Plaintiff's IFP application the Court must screen the complaint under 28 U.S.C. § 1915(e)(2). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). However, pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A federal court must dismiss a plaintiff's claim if the action "is frivolous or malicious[,] fails to state a claim on which relief may be granted[,] or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The standard for dismissing a complaint for failure to state a claim is established by Federal Rule of Civil Procedure 12(b)(6). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions to cure its deficiencies unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id*. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint may therefore be dismissed sua sponte if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II.      Plaintiff's Complaint Fails to Plead Facts Supporting Subject Matter Jurisdiction**

"Federal district courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1027 (9th Cir. 2011) (quotation omitted). Such courts exercise original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and over civil cases that establish diversity "where the matter in controversy exceeds the sum or value of $75,000" and the dispute is between "citizens of different States." 28 U.S.C. § 1332(a). "Section

1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

Federal courts have the authority to determine their own jurisdiction. *Special Investments, Inc. v. Aero Air, Inc.*, 360 F.3d 989, 992 (9th Cir. 2004). "The party asserting federal jurisdiction bears the burden of proving that the case is properly in federal court." *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). A court may raise the question of subject matter jurisdiction sua sponte, and it must dismiss a case if it determines it lacks subject matter jurisdiction. *Id.*; Fed. R. Civ. P. 12(h)(3). Here, as the party seeking to invoke the Court's jurisdiction, Plaintiff bears the burden of establishing jurisdiction exists. *See Naffe v. Frey*, 789 F.3d 1030, 1040 (9th Cir. 2015).

Plaintiff alleges events pertaining to his work as a freelance photographer and images he captured that were originally provided to an entity he identifies as Retna, and subsequently "transferred" to Defendant Globe Photos ("Globe"). ECF No. 1-1 at 1-2. Under agreements with Retna and then with Globe, there was a 50/50 revenue split for sales of Plaintiff's photographs. *Id*. For purposes of establishing jurisdiction, Plaintiff says he is a resident of Rhode Island and Globe "is a corporation whose principal place of business is Las Vegas, Nevada." *Id*. at 1. However, Plaintiff also says that Globe concealed from him that in December 2019, Globe was "going bankrupt" and was selling "off much of its inventory." *Id*. at 2. Plaintiff further alleges Globe was acquired by Globe Entertainment & Media Corp. ("GEMC"), which is "a corporation doing business within the [D]istrict of Nevada." *Id*. at 1.

Plaintiff contends Globe never sold a single one of Plaintiff's photographs and paid him nothing over the course of the "agreement." Plaintiff says an officer of Globe (Tucker Diedwardo) agreed to terminate the relationship with Plaintiff and return all photographs apparently in Globe's possession to Plaintiff. *Id*. at 2. In October of this year, Plaintiff learned Globe transferred much of its "stock" to GEMC. *Id*. Plaintiff emailed Mr. Diedwardo about the location of his photographs, but received no response. *Id*. GEMC also has not responded to Plaintiff's inquiries regarding his photographs. *Id*.

Plaintiff avers Globe "breached the Agreement"; however, Plaintiff does not state how the agreement was breached. By way of example only, is Plaintiff contending a certain amount of sales were guaranteed or notice to Plaintiff was required before his photographs could be transferred to purchasing entity? Further, the Court is concerned that Plaintiff seeks to assert a breach of contract claim not a declaratory relief claim, but the breach of contract claim is incomplete.[1] Plaintiff also avers that "Defendants are unlawfully holding several thousand" of his photos—his property—hampering Plaintiff's business opportunities. *Id*. The relief Plaintiff seeks is in the form of a declaration that the agreement he reached with Globe was "breached and invalid"; an order requiring the return of his photographs (images) in Defendants' custody; his costs; and any other relief the Court may find just. *Id*. at 3.

Plaintiff asserted claims appear to include a breach of contract and conversion of personal property—both of which are claims arising under state law. Plaintiff asserts no claim arising under federal law or the U.S. Constitution. Thus, if there is subject matter jurisdiction over Plaintiff's claims, such jurisdiction would have to arise under diversity of citizenship. However, Plaintiff asserts no actual or estimated damages. Rather, Plaintiff says only that "the monetary value of the original celebrity images at issue, if sold on the free market, would exceed the jurisdictional amount." *Id*. at 1. This conclusory allegation is insufficient to meet the pleading requirements of diversity of citizenship. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090-91 (9th Cir. 2003) (party asserting diversity jurisdiction under 28 U.S.C. § 1332 must prove that amount in controversy exceeds $75,000 where it is not "facially evident" from complaint; "[c]onclusory allegations as to the amount in controversy are insufficient").

Plaintiff's allegations regarding the citizenship of Globe and GEMC are also insufficient to establish diversity jurisdiction. That is Plaintiff says only that Globe "is a corporation whose

---

[1] To state a breach of contract claim, a plaintiff must allege the existence of a valid agreement between the plaintiff and the defendant, a material breach by the defendant, and damages. *Bernard v. Rockhill Dev. Co.*, 734 P.2d 1238, 1240 (Nev. 1987). On the other hand, "[d]eclaratory relief is appropriate when: (1) the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Guerra v. Sutton*, 783 F.2d 1371, 1376 (9th Cir. 1986). Where a claim for declaratory relief is duplicative of another claim, such as breach of contract, a court is free to decline to address the declaratory relief claim. *Fimbres v. Chapel Mortg. Corp.*, Case No. 09-CV-0886-IEG (POR), 2009 WL 4163332, at *5 (S.D. Cal. Nov. 20, 2009); *Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007) (affirming dismissal of declaratory relief claim because it was "merely duplicative" of plaintiff's other causes of action).

4

principal place of business is Las Vega, Nevada" and GEMC "is a corporation doing business within the [D]istrict of Nevada." ECF No. 1-1 at 1. Corporations are citizens of the state in which they are incorporated **and** of the state where they have their principal places of business. 28 U.S.C. § 1332(c)(1). Both must be affirmatively stated in order for diversity of citizenship to be properly alleged. *KB Home Phoenix, Inc. v. Owners Insurance Company*, Case No. CV-07-1257-PHX-PGR, 2007 WL 2288146, at *1 (D. Ariz. Aug. 8, 2007) *citing Fifty Associates v. Prudential Insurance Co. of America*, 446 F.2d 1187, 1190 (9th Cir. 1970) ("[A]n allegation that a corporation is a citizen of a certain state (without more) is not an allegation of fact, but a mere conclusion of law" that is inadequate to establish diversity jurisdiction.). Plaintiff fails to provide both the state of incorporation and principal place of business for the two Defendants he names. The Court notes Plaintiff also fails to provide in what business form GEMC operates. This is important because if GEMC is a limited liability company or partnership, Plaintiff must state the citizenship of each of its members. *Johnson v. Columbia Prop. Anchorage*, LP, 437 F.3d 894, 899 (9th Cir. 2006) ( LLCs, like partnerships, must state the citizenship of each of its members in order to establish diversity).[2]

---

[2] The Court also advises Plaintiff that if Globe was in bankruptcy as of December 2019, the Court questions whether there is personal jurisdiction over this Defendant. And, Plaintiff fails to provide much in the way of facts to establish personal jurisdiction over GEMC. As a general matter, if a relevant federal statute does not provide for personal jurisdiction, a "district court applies the law of the state in which the court sits." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) (citing Fed. R. Civ. P. 4(k)(1)(A)). Here, the personal jurisdiction analysis under Nevada law and federal due process are the same. *Abbott-Interfast Corp. v. Eighth Judicial Dist. Court*, 821 P.2d 1043 (Nev. 1991); *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800–01 (9th Cir. 2004). For an exercise of personal jurisdiction to comport with federal due process the defendant must have certain "minimum contacts" with the forum state such that an exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Schwarzenegger*, 374 F.3d at 801 (internal citation omitted). Personal jurisdiction may be general (based on a forum connection unrelated to the underlying suit) or specific (based on an affiliation between the forum and the underlying controversy). *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015) (internal citation omitted). Specific jurisdiction requires a defendant to have taken "some act by which [it] purposefully avails itself of the privilege of conducting activities within the forum State." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 352 (2021) (internal citation omitted). The contacts "must be the defendant's own choice and ... must show that the defendant deliberately reached out beyond its home." *Id.* at 359 (internal citations omitted). The Ninth Circuit employs a three prong test to assess whether a defendant has sufficient minimum contacts with the forum state to be subject to specific personal jurisdiction: "(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable." *Picot*, 780 F.3d at 1211(internal citations omitted). The burden falls on the plaintiff to show the first two prongs and shifts to the defendant to show the third. *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1076 (9th Cir. 2011).

### III. Order

Accordingly, IT IS HEREBY ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint (ECF No. 1-1) is to be separated from ECF No. 1 and filed on the docket as Plaintiff's Complaint.

IT IS FURTHER ORDERED that Plaintiff's Complaint (ECF No. 1-1) is DISMISSED without prejudice, but with leave to amend. If Plaintiff chooses to file an amended complaint he must do so no later than **November 12, 2025**. The amended complaint must be titled "FIRST AMENDED COMPLAINT" and must plead all facts supporting Plaintiff's claims, as well as facts establishing diversity jurisdiction including the place of incorporation and principal place of business for each of the entities Plaintiff seeks to sue, the form of GEMC's business entity, and facts supporting the amount in controversy is at least $75,000. Plaintiff must also plead facts establishing the District of Nevada can properly exercise personal jurisdiction over the named Defendants. In the absence of such facts, the Court cannot exercise jurisdiction and will not screen the amended complaint to determine if Plaintiff states a claim upon which relief can be granted.

Dated this 22nd day of October, 2025.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE