UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ARTHUR D'AMARIO, III,<br><br>Plaintiff,<br><br>v.<br><br>GLOBE PHOTOS, INC.; GLOBE ENTERTAINMENT AND MEDIA CORP.,<br><br>Defendants. | Case No. 2:25-cv-02001-APG-EJY<br><br>ORDER<br>AND<br>REPORT AND RECOMMENDATION |

Pending before the Court is Plaintiff's First Amended Complaint ("FAC"). ECF No. 5. Plaintiff's application to proceed *in forma pauperis* was granted on October 22, 2025. ECF No. 3. The Court screens Plaintiff's FAC under the same standard as it screened his original Complaint. *Id*. at 1-2.

**I.    Plaintiff's FAC Establishes a Basis for Diversity Jurisdiction**

   a.    <u>Diversity of Citizenship</u>.

Plaintiff asserts this Court has jurisdiction based on diversity of the parties under 28 U.S.C. § 1332, which confers district courts with original jurisdiction "of all civil actions where the matter in controversy exceeds the sum or value of $75,000, ... and is between citizens of different states." 28 U.S.C. § 1332(a)(1). For purposes of diversity jurisdiction, corporations are "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principle place of business ...." 28 U.S.C. § 1332(c)(1). A corporation with dual citizenship cannot be sued in federal court based on diversity if the plaintiff is a citizen of either state. *Bank of Cal. Nat'l Ass'n v. Twin Harbors Lumber Co.,* 465 F.2d 489, 491 (9th Cir. 1972).

In his FAC, Plaintiff states he is a lifelong resident of Rhode Island. ECF No. 5 ¶ 3. Plaintiff then pleads that defendant Globe Photos, Inc. ("Globe Photos") is a Delaware corporation with a principal place of business in Las Vegas, Nevada. *Id*. ¶ 4. Plaintiff further pleads that Globe Entertainment and Media Corp ("Globe Entertainment") is incorporated in Nevada, with a principal

place of business in Las Vegas, Nevada.[1] *Id*. ¶ 5. Finally, Plaintiff pleads Hard Rock International ("Hard Rock") is a Florida corporation, and while it has offices in Las Vegas, the principal place of business is not Rhode Island. *Id*. ¶ 7. Therefore, it appears from these allegations that the parties are citizens of different states.

       b.      <u>The Amount in Controversy</u>.

Plaintiff's first claim asserts a breach of contract arising from an agreement he signed with Globe Photos on December 6, 2019.[2] *Id*. 18. However, Plaintiff claims Globe Entertainment "took control" of Globe Photos and Plaintiff's property—photographic material—in 2020 (a more specific date is not provided). *Id*. ¶ 14. Plaintiff contends that "Defendants" made no effort to sell his photographs after assuming control of them, so he asked to "end the contract" and get his photographs returned. *Id*. ¶ 15. To this end, Plaintiff says that between in March 2022 and February 2024, he and a corporate officer associated with the Globe entities (Tucker Diedwardo) negotiated the termination of the Globe Photos contract and return of Plaintiff's photograph. *Id*. ¶¶ 15, 18. Plaintiff claims Mr. Diedwardo ultimately agreed to the contract termination and return of his photographs, but the photographs were never returned and that Plaintiff earned zero dollars while these photographs were stored with the Globe entities. *Id*. Plaintiff titles the agreement to return his photographs the "second valid, binding, agreement between the parties."[3] *Id*. ¶ 18.

Plaintiff next alleges that by May 2025 Globe Photos and Globe Entertainment "transferred some, or all" of his photographs to Hard Rock even though the Globe entities knew "the contractual relationship was over." *Id*. ¶ 17. Plaintiff alleges that the Second Agreement should have precluded the Globe entities from transferring his photographs to Hard Rock. *Id*. ¶ 18. Nonetheless, Plaintiff admits he entered into no contract with Hard Rock. *Id*. ¶ 17. Indeed, Plaintiff asserts no facts demonstrating he and Hard Rock ever agreed to any terms creating contractual obligations of any kind. *Id*., *generally*. Given that Plaintiff fails to plead the existence of any contract with Hard Rock, Hard Rock could not have breached any duty owed to Plaintiff and, concomitantly, could not have

---

[1]     Globe Photos and Globe Entertainment are sometimes referred to herein as the "Globe entities."
[2]     Plaintiff's Interference with Contractual Relations, Injunctive Relief, and Declaratory Relief Claims are discussed below in Section II. The Court recommends each of these claims be dismissed with prejudice.
[3]     The second valid, binding agreement is referred to herein as the "Second Agreement."

caused him any damage based on a breach of contract.[4]  Further, there is no allegation that Hard Rock knowingly interfered with any contract Plaintiff claims existed between himself and the Globe entities.  Thus, no damages could arise from an interference claim.  In sum, Hard Rock must be dismissed with prejudice from this action as Plaintiff states no claim in his FAC against this named defendant, and Plaintiff's claim of more than $75,000 in damages cannot be supported by any conduct allegedly involving Hard Rock International.

Plaintiff's FAC is also devoid of any facts demonstrating the contract he signed with Globe Photos resulted in damages from the lack of sales of his photographs.  Plaintiff provides no allegation suggesting, let alone establishing, Globe Photos breached a minimum sales guarantee or other performance obligation under the contract.  ECF No. 5, *generally*.  Plaintiff provides no information regarding how many photographs he historically sold when contracting with Retna, although he states he "successfully competed with other rock and roll photographers his age …." *Id*. ¶ 19.  To the extent Globe Photos' contractual obligation to Plaintiff would assume reasonable efforts, again, there are no facts supporting that reasonable efforts were not made.  Thus, there is nothing before the Court that would allow for a reasoned assessment of the number of Plaintiff's photographs that would have been sold by Globe Photos at any time.

Plaintiff alleges Globe Photos was taken over by Globe Entertainment in 2020 at which time Globe Entertainment also took control of his photographic inventory.  *Id*. ¶ 14.  Importantly, there are no facts alleged demonstrating the contract between Plaintiff and Globe Photos was assumable by or assignable to any subsequent entity or that it was, in fact, assumed or assigned to Globe Entertainment.  *Id*., *generally*.  In the absence of any facts establishing Globe Entertainment could or did assume contractual obligations owed by Globe Photos to Plaintiff, Plaintiff cannot establish Globe Entertainment breached such duty thereby causing Plaintiff harm in the form of lost sales.

Plaintiff bears the burden of proving by a preponderance of the evidence that the amount in controversy meets that jurisdictional threshold.  *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th

---

[4] To state a breach of contract claim, a plaintiff must allege the existence of a valid agreement between the plaintiff and the defendant, a material breach by the defendant, and damages.  *Bernard v. Rockhill Dev. Co.,* 734 P.2d 1238, 1240 (Nev. 1987).  In light of Plaintiff's allegations, his Breach of Contract claim against Hard Rock International should be dismissed with prejudice.

3

Cir. 2004) (internal citations omitted). Plaintiff must show that it is more likely than not that the amount in controversy exceeds $75,000. *Id*. While the sale of Plaintiff's photographic work might be worth in excess of $1,000 if sold, ECF No. 5 ¶ 21, of which he would be entitled to 50% in commissions (*id*. ¶ 13), there is simply nothing before the Court that suggests the number of photographs that would have been sold by Globe Photos. Even assuming Plaintiff is informed and believes he would have earned $75,000 from the sale of his photographs by Globe Photos or Globe Entertainment, this information and belief is insufficient to meet the preponderance of the evidence standard required to support an exercise of diversity jurisdiction. *Valdez*, 372 F.3d at 1117 (internal citations omitted).

Finally, Plaintiff alleges the breach of the Second Agreement to return his property—the 2,000-3,000 photographs deposited with Retna and transferred to Globe Photos and then to Globe Entertainment—which Mr. Diedwardo allegedly agreed to return. ECF No. 5 ¶¶ 11, 15, 18. Plaintiff first describes this as a "promise" not a contract (*id*. ¶ 15), but subsequently identifies this as the Second Agreement that included termination of the original contract with Globe Photos to sell his photographs. *Id*. ¶ 18. To support the value of the photographs Plaintiff references a recent advertisement of a poster that depicts a photograph he took of David Bowie in 1983. *Id*. at 22. Plaintiff says the poster is being sold by the London Victoria & Albert Museum for 100£ (British Pounds). *Id*. Plaintiff admits that the original slide of the photograph was lost in or around September 1990, and he was paid $1,000 at that time for the loss. *Id*. ¶ 23. Nevertheless, Plaintiff states his "original materials … could reasonably be worth $1,000 each"; although, he believes this undervalues the total value of his inventory which Defendants allegedly hold. *Id*. ¶ 24.

If the Court presumes, as it must with respect to this *pro se* filed FAC, that (1) there was a contract to return Plaintiff's photographs, (2) the same contract included a release of the duty to sell Plaintiff's photographs, and (3) there was a subsequent failure to return the photographs, Plaintiff has facially pleaded a breach of contract claim. Plaintiff further sufficiently pleads facts establishing his 2,000 to 3,000 photographs held by the Globe entities were worth at least $75,000 thus meeting the amount in controversy for diversity jurisdiction. That is, Plaintiff states "his historic, classic rock era photographs are conservatively valued at $1,000" a piece. *Id*. ¶ 21. Plaintiff states he had

"stockpiled" 2,000 to 3,000 of his photographs with Retna. *Id.* ¶ 11. Plaintiff avers in the autumn of 2019, Globe Photos became his new agent and that after Globe Entertainment took Globe Photos over and "took control" of Plaintiff's inventory originally stored with Retna and placed that inventory in a vault. *Id.* ¶¶ 12-13. The Globe entities thereafter, and without Plaintiff's permission, allegedly turned over some of these photographs to Hard Rock. These allegations establish a breach of the contract to return the photographs to Plaintiff and the subsequent disposal of at least some of those photographs in contravention of the agreement to return them. At $1,000 a piece, even 1,000 photographs would exceed the $75,000 threshold for diversity jurisdiction.

**II. Plaintiff's Breach of Contract Claim Against Globe Entertainment May Proceed; The Court Recommends Dismissing Plaintiff's Remaining Claims**

In his FAC, Plaintiff asserts a tortious interference claim, but pleads no facts to support this claim. ECF No. 5 ¶ 1 and generally. "In Nevada, in an action for intentional interference with contractual relations, a plaintiff must establish: (1) a valid and existing contract; (2) the defendant's knowledge of the contract; (3) intentional acts intended or designed to disrupt the contractual relationship; (4) actual disruption of the contract; and (5) resulting damage." *J.J. Indus., L.L.C. v. Bennett,* 71 P.3d 1264, 1266 (Nev. 2003) (citing *Sutherland v. Gross,* 772 P.2d 1287, 1290 (Nev. 1989)). As discussed above, Plaintiff alleges there was a written contract between himself and Globe Photos, which he states was terminated. ECF No. 5 ¶¶ 15, 18. Plaintiff alleges no other defendant interfered with this contract for the purpose of disrupting Plaintiff's relationship with Globe Photos. *Id. generally.* The Second Agreement Plaintiff alleges was for the return of his photographs, which he never received; however, he does not allege an entity other than those with whom he agreed somehow failed to perform or otherwise somehow interfered for purposes of disrupting those contracts. *Id.* Neither Globe Photos nor Globe Entertainment could interfere with their own contracts. *Bartsas Realty, Inc. v. Nash,* 402 P.2d 650, 651 (Nev. 1965). Thus, Plaintiff's interference with contract claim fails as a matter of law.

Plaintiff also says he is seeking declaratory and injunctive relief. ECF No. 5 ¶ 1. Injunctive relief is a remedy not an independent cause of action. *Alandia v. U.S. Bank,* Case No. 2:09-cv-687 JCM (PAL), 2009 WL 4611442, at *3 (D. Nev. 2009). Thus, this claim fails as a matter of law.

5

Plaintiff fails to state a claim for declaratory relief as he does not allege a dispute as to the existence of the legal relationship between himself and Defendants Globe Photos or Globe Entertainment.[5] Instead, he only alleges the contract with Globe Photos was terminated and the Second Agreement was breached.

Plaintiff's breach of contract claim against Globe Photos, Inc. is dismissed without prejudice. Plaintiff pleads that the contract to sell his photographs was terminated by agreement thus fatally undermining a breach of contract claim. The Second Agreement to return his photographic inventory is alleged to be between Plaintiff and Globe Entertainment. It is this contract claim that proceeds. Nonetheless, if facts are discovered that reveal information allowing Plaintiff to plead claims against Globe Photos, dismissal without prejudice does not preclude a later attempt to do so.

### III.  Order

IT IS HEREBY ORDERED that Plaintiff's breach of contract claim against Globe Photos, Inc. is dismissed without prejudice. As stated, if facts are derived that will allow Plaintiff to plead claims against Globe Photos in the future, dismissal without prejudice does not preclude a later attempt to do so.

IT IS FURTHER ORDERED that Plaintiff's breach of contract claim against Globe Entertainment and Media Corp. alleging the failure to return his property may proceed.

IT IS FURTHER ORDERED that the Clerk of Court must issue a summons for Globe Entertainment and Media Corp. and send the same to the U.S. Marshal Service along with copies of Plaintiff's First Amended Complaint (ECF No. 5) and this Order for service.

IT IS FURTHER ORDERED that the Clerk of Court must send Plaintiff one USM-285 form. Plaintiff must complete the form to the best of his ability for purposes of service of his First Amended Complaint on Globe Entertainment and return the form to the U.S. Marshal Service no later than **January 5, 2026**, at the following address:

---

[5] "Declaratory relief is appropriate when: (1) the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Guerra v. Sutton*, 783 F.2d 1371, 1376 (9th Cir. 1986).

>   Gary G. Schofield
>   U.S. Marshal, District of Nevada
>   Lloyd D. George Federal Courthouse
>   333 Las Vegas Blvd. S., Suite 2058
>   Las Vegas, Nevada 89101

Plaintiff is advised to check the Nevada Secretary of State Business Entity Search website for Globe Entertainment's registered agent upon whom service must be made. Plaintiff should provide that information to the U.S. Marshal Service.

IT IS FURTHER ORDERED that the U.S. Marshal Service must attempt service on Globe Entertainment within twenty-one (21) days of receipt of Plaintiff's completed USM-285.

**IV.     Recommendation**

IT IS HEREBY RECOMMENDED that Plaintiff's claims against Hard Rock International be dismissed with prejudice.

IT IS FURTHER RECOMMENDED that Plaintiff's claims asserting intentional interference with contractual relations, injunctive relief, and declaratory relief be dismissed with prejudice.

Dated this 3rd day of December, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Under Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court holds the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). The Ninth Circuit also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).